# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARKEITH BRANSCUMB, ) <br> ) <br> Defendant. ) | 2:11-cr-00245-RCJ-GWF-1 <br><br> **ORDER** |

The Court sentenced Defendant to 78 months of imprisonment for unlawful possession of a firearm. Defendant has moved for habeas corpus relief, arguing that U.S.S.G. § 4B1.2(a) is unconstitutionally vague. The Supreme Court has since ruled, however, that "the Guidelines are not amenable to a vagueness challenge." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017).

Defendant asked the Court to defer ruling for 30 days and has now moved to dismiss the motion voluntarily under Civil Rule 41. The Government has opposed the latter motion, arguing that the § 2255 motion should be denied on the merits and that Civil Rule 41 should not be applied here. The Court agrees with the Government. The Civil Rules may apply insofar as not inconsistent with statute or the Section 2255 Rules, but application of the Civil Rules is discretionary with the district court, not mandatory. *See* Section 2255 Rule 12 ("may be applied"). Defendant is therefore incorrect that he has filed an automatic notice under Rule 41

that permits no Government response and requires no court action, and the Court declines to apply Civil Rule 41 to permit Defendant to avoid a decision on the § 2255 motion.

Regardless of *Beckles*, the § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). The time to file a motion under § 2255 closed one year after Defendant's right to appeal expired, i.e., sometime in 2013. As recently explained by Judge Blackburn of the District of Colorado, *see United States v. Bowen*, --- F. Supp. 3d ----, 2017 WL 131794, at *3–4 (D. Colo. 2017), a Defendant in Branscumb's position cannot invoke § 2255(f)(3), because the Supreme Court has not yet recognized the right Defendant seeks to vindicate. That is, the Supreme Court in *Johnson* only invalidated the residual clause of a statute, not an identical clause in the Guidelines, and the Supreme Court had never ruled that the Guidelines were amenable to a vagueness challenge. Unless and until the Supreme Court reconsiders *Beckles* (and makes the decision retroactive), the one-year window for filing a § 2255 motion based on the vagueness of U.S.S.G. § 4B1.2(a) will not reopen.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 41, 42), the Motion to Defer Ruling (ECF No. 43), and the Motion to Voluntarily Dismiss (ECF No. 44), as well as certificates of appealability as to the § 2255 motions, are DENIED.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge